TIME COMMERCIAL FINANCING CORP., a Utah Corporation, Plaintiff and Appellant,

v.

Carol BRIMHALL et al., Defendants and Respondents,

WALKER BANK & TRUST COMPANY, Administrator with the Will annexed of the Estate of Ray S. Brimhall, Deceased, Defendant and Third-Party Plaintiff,

v.

BRIMCO HYDRAULICS & ENGINEERING, INC., a corporation, et al., Third-Party Defendants.

No. 15136.

Supreme Court of Utah.

Feb. 10, 1978.

Mallinckrodt & Mallinckrodt, Phillip A. Mallinckrodt, Robert R. Mallinckrodt, A. Wally Sandack, Salt Lake City, for plaintiff and appellant.

Trask & Britt, David V. Trask, Thomas J. Rossa, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff, Time Commercial Financing Corp., hereinafter referred to as "Time," appeals from an order made pursuant to an order to show cause initiated by defendants Carol Brimhall, et al., hereinafter referred to as "Brimhall."

Brimhall sought and obtained the order appealed from as a means of enforcing the provisions of a prior judgment of the same court dated July 30, 1975, wherein plaintiff was required to pay royalties on its license to manufacture and sell a "valve system" invention and a "cab latch" invention.[1]

The order to show cause came on for hearing on December 22, 1976, however no evidence whatsoever was presented. Instead, the whole time allotted for the hearing was devoted to an on the record discussion as to the nature of the issues presented for judicial determination.

Time represented that it was or had been manufacturing *two* cab latches, one being the so-called "silver latch" which was the subject of the July 30, 1975, judgment, and the other being designated as a "black latch" which Time had patented since the prior judgment. Thereupon, the trial judge aptly observed that the initial issue presented was whether his prior judgment encompassed the subsequently patented "black latch" or only the "silver latch" that was being manufactured at that time. He further observed that Time was not licensed to manufacture the "black latch," and if the issue became whether royalties should be paid thereon that expert testimony would be advisable. Time readily agreed that expert testimony was necessary and requested an opportunity to present it.

Brimhall stated that he had representative samples of both latches for the judge's observation and comparison but the judge responded by saying: "I am not the expert." This prompted Brimhall to also urge that the judge take the testimony of witnesses on hand that would demonstrate the identical nature of the two latches, however, none was taken, nor were the two latches offered or received in evidence.

Brimhall also urged the judge to consider the matter as a post-judgment proceeding only, rather than entertain it as a patent infringement case which should be considered in the federal court system.

The record is not clear as to what happened thereafter because the judge advised the court reporter to go "off the record," however, Time maintains that no evidentiary hearing was ever had, that the judge merely took the matter under advisement. Then on January 24, 1977, the judge's clerk made a minute entry ordering payments of royalties on the manufacture and sale of the black latches as well as the silver latches. No findings of fact, conclusions of law, or judgment were entered until May 27, 1977, when such were signed, nunc pro tunc, to January 24, 1977. Then on July 6, 1977, amended findings of fact, conclusions of law and judgment were entered, and again they were signed, nunc pro tunc, to January 24, 1977.

■ Plaintiff had timely filed what it designated as a "Motion to Review" which in effect was a motion to alter or amend

---

1. These are patented or patent applied for devices used to raise, lower and secure tilt cabs on motor vehicles.

the judgment.[2] That motion was heard and denied on April 11, 1977, and this appeal was taken therefrom. While it is true that such an appeal would normally only invoke review of the denial of that motion,[3] we are not disposed to engage in such legal niceties as would defeat the appeal perfected. Under the facts of this case, we deem it entirely logical and proper to view the denial of the motion as a sufficient basis to invoke a review of the merits of the court's ruling of January 24, 1977.

The nunc pro tunc judgments are of no particular import since they clearly appear to be after-thoughts that may very well imply that plaintiff realized the initial January 24, 1977, minute entry was not a sound foundation for appeal.

The record before us is totally devoid of evidence and consequently does not, and cannot, support the findings below.[4]

The judgment of January 24, 1977, is reversed and remanded for further proceedings in accord with this opinion. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**2.** Rule 59(e), U.R.C.P., allows such a motion to be filed within 10 days after entry of judgment.

**3.** Rule 72(a), U.R.C.P.

**4.** *Salt Lake City v. United Park City Mines Company,* 28 Utah 2d 409, 503 P.2d 850 (1972).